LOFTON WALL v. THE STATE.

No. 16293.   Delivered February 14, 1934.
Rehearing Denied March 14, 1934.
Repored in 69 S. W. (2d) 61.

The opinion states the case.

*G. R. Smith,* of McKinney, for appellant.

*W. C. Dowdy,* County Attorney, and *Leon O. Moses,* Asst. Co. Atty., both of McKinney, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the theft of an automobile, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced upon the trial of the case is in substance as follows: On the evening of March 8, 1933, Dr. W. C. Wright made a professional call at the home of Mr. Boss Jackson. He went there in his Ford coupe which he parked on the side of Main Street and within a few minutes after the doctor had entered the home of Boss Jackson he was notified by Mr. Faulconer that someone had taken his coupe and driven it away, whereupon the doctor made an investigation and found his Ford coupe was gone. The car was taken from his possession without his consent. Mr. Faulconer testified that he lived next door to Mr. Jackson and on the evening of March 8th he observed Dr. Wright when he parked his car and entered the home of Mr. Jackson, and within less than five minutes thereafter he noticed two men on a motorcycle across the street from the car; that he saw one of them get into the car and drive away, going north, and the other man following close behind on the motorcycle. The officers were immediately notified and went in pursuit and when they reached a point about four miles out from Farmersville they observed the car turning off of the highway into a side road, where they found the car abandoned by the driver. They also found the appellant on his motorcycle about 150 yards from the abandoned car and arrested him. The officers then noticed a man in a field near where the car was abandoned and one of them fired his pistol and they saw the man in the field stoop down or fall down. Bowerman Hendricks was soon thereafter arrested within two or three miles from the place where the Ford coupe was abandoned and he had mud on his hands and up on his legs. Mr. Terry testified that he ran a filling station at Blue Ridge, which is about 11 miles from Farmersville, and on the afternoon of March 8th, about 4:30 or 5 o'clock, the appellant and Bowerman Hendricks appeared at his filling station on a motorcycle and purchased some gasoline and when they left they went south toward Farmersville.

Mr. Tip Horton testified that he was not acquainted with the defendant but he saw two men on a motorcycle at Rike's filling station, which is a few miles from Farmersville, and one of the men resembled the defendant but he could not swear it was the defendant; that when the two men left Rike's filling station on the motorcycle they went towards Farmersville. The testimony further shows that the appellant was frequently seen on the highway riding a motorcycle. Bowerman Hendricks, the accomplice, testified for the state that he and defendant came from the Donna community to Farmersville on a motorcycle on the afternoon of March 8, 1933, and on the way to Farmersville they stopped at Blue Ridge and purchased some gasoline and when they got near Farmersville they again stopped at a filling station located in the forks of the road and again purchased some gasoline. When they reached Farmersville, it was dark and after driving around a little they noticed a Ford coupe parked beside the street and the appellant told him, the said Hendricks, to get it; that he, the said Hendricks, got off of the motorcycle, went to the car, got into the car, and started driving north with the defendant following close behind him on the motorcycle. When Hendricks reached a point about four miles north of Farmersville he turned off west on a dirt road because he thought the law was behind him; that he went but a short distance on the dirt road when he abandoned the car and walked into the field and while in the field he heard a shot fired and he fell down and got a little muddy; that the defendant was just a short distance behind him when he turned off west on the dirt road.

The appellant's first contention is that the evidence is insufficient to sustain the conviction in that the accomplice Hendricks is not sufficiently corroborated. We have carefully reviewed the statement of facts and reach the conclusion that the corroboration of the accomplice is sufficient since it tends to show the appellant's connection with the commission of the offense charged in the indictment. The appellant and the accomplice were seen on the afternoon of March 8th at Blue Ridge some eleven miles from the town of Farmersville on a motorcycle going in the direction of Farmersville; they were again seen within less than 4 miles of the town of Farmersville at Rike's filling station on a motorcycle going towards Farmersville, and two men were seen on a motorcycle in Farmersville that night near where the car was parked. Mr. Faulconer saw two men on a motorcycle and he observed one of them get into the car of Dr. Wright and drive north, and he saw the person on a motorcycle following close behind. The proof fur-

ther shows that the officers were immediately notified of the theft of the car and went in pursuit of same and when they reached a point about four miles north of Farmersville they observed a car turning off into a side road where they found the doctor's car abandoned by the driver; they also found the appellant on his motorcycle within 150 yards from the abandoned car. Again, there is testimony by the officers that they saw some party in a field close to the abandoned car and when one of the officers fired his gun the man in the field fell or stooped down. Hendricks, the accomplice who drove Dr. Wright's car and abandoned it, testified that he was in the field and when the gun was fired he fell down and got muddy. The officers who subsequently arrested him within two miles of the abandoned car observed that he had mud on his hands and on his legs. We believe that the facts and circumstances testified to by the disinterested witnesses sufficiently corroborates the accomplice Hendricks and tend to connect the appellant with the commission of the offense charged.

By bill of exception No. 1 the appellant complains of the action of the trial court in refusing to submit to the jury his special requested charge, which reads as follows: "You are instructed that in passing upon any fact in evidence concerning which you have a reasonable doubt, it is your duty to resolve that doubt in favor of the defendant." We do not believe that the court committed any error in refusing to submit to the jury the appellant's special requested charge for the reason that the court instructed the jury as follows: "If you should find or believe from the evidence that the automobile in question was driven away by Bowerman Hendricks on the occasion in question and that the defendant was not present, or, if he was, that he was not acting with the said Hendricks as a principal, as that term is hereinbefore defined, then it would be your duty to acquit the defendant, or if you have a reasonable doubt as to whether he was present at said time and place, or that he was acting with the said Hendricks as a principal, then, in either event, you will give the defendant the benefit of the doubt and acquit him." The court also charged that "the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to defendant's guilt you must acquit and say by your verdict not guilty." We believe that the court's charge fully protected the defendant's legal rights and adequately presented the same to the jury. We therefore overrule the appellant's contention.

By bill of exception No. 2 the appellant complains of the

action of the trial court in overruling his objections and exceptions to the court's main charge. The bill of exception fails to show that the appellant's objection to the court's charge was in writing, and therefore cannot be considered.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged in appellant's motion for rehearing that we were in error in holding that the accomplice witness Hendricks was sufficiently corroborated. This has made it necessary to again examine the statement of facts. After having analyzed the testimony as best we are able, our views have not changed regarding the matter, but have rather been confirmed. We observe one very significant statement made by the witness Faulconer to which we did not advert in our original opinion. He was the witness who passed down the street upon which Dr. Wright's car was parked and saw two men standing by a motorcycle across the street from the car. He saw one man go across the street and get in the doctor's car and drive it away and saw the other man follow on the motorcycle. Faulconer testified: . "I said that at the time I did not recognize them by name. * * * I had never seen the defendant that I know of before that time. * * * I had seen the Hendricks boy a few times but did not know him by name. I am telling the jury now in my opinion and best judgment that he (referring to appellant) was the one that was with the Hendricks boy, and the one that stood at the side of the motorcycle."

We have no doubt whatever as to the sufficiency of the corroborating testimony.

The motion for rehearing is overruled.

*Overruled.*